

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRI BA,<br><br>               Petitioner,<br><br>v.<br><br>TODD LYONS, et al.,<br><br>             Respondents. | Case No.:  3:25-cv-2871-CAB-BJW<br><br>**ORDER DENYING HABEAS PETITION AND MOTION FOR TRO AS MOOT**<br><br>[Doc. Nos. 1, 2] |

Before the Court is Petitioner Henri Ba's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")], and a motion for a temporary restraining order, [Doc. No. 2 ("TRO")].  On November 18, 2025, Respondents released Petitioner from custody under multiple new conditions, such as ankle monitoring.  [Doc. No. 16 at 2, Doc. No. 16-2 at 4.]  For the reasons set forth below, the Court **DENIES** the Petition as **MOOT**.

## I.    BACKGROUND

Petitioner is a Senegalese national who was previously released from U.S. Immigration and Customs Enforcement ("ICE") custody on November 10, 2004 on his own recognizance.  [Doc. No. 1 at 2–3.]  He remained free from custody for twenty-one years during his ongoing removal proceedings and applications for asylum, withholding of

removal, and protection under the Convention Against Torture.  [*Id.* at 2.]  Petitioner's immigration case is currently pending at the Board of Immigration Appeals after an immigration judge granted ICE's request to terminate removal proceedings against Petitioner over Petitioner's opposition.  [*Id.*]  Petitioner asserts that he is not subject to a final administrative order of removal.  [*Id.* at 4.]

On August 19, 2025, ICE officers arrested Petitioner at his ICE check-in.  [*Id.*]  Petitioner filed the Petition on October 24, 2025.  On November 6, 2025, an Immigration Judge released Petitioner on an $5,000 bond.  [Doc. No. 12 at 2.]  Petitioner remained in custody until he paid the bond, and ICE released him on November 18, 2025.  [Doc. No. 16 at 2.]

Upon release, ICE imposed new conditions on Petitioner.  Petitioner must wear a GPS monitoring ankle bracelet, attend frequent in person office visits, and not travel outside 75 miles without Respondents' permission, among several other new conditions.  [Doc. No. 19 at 2.]  Petitioner seeks to have his previous conditions of release reinstated.  [*Id.* at 8–9.]

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States."  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

## III.    DISCUSSION

Petitioner seeks to have the Court control the conditions of Petitioner's release.  Petitioner argues that his new conditions amount to custody.  [Doc. No. 19 at 2.]  A habeas petition challenges the custody of an individual, not their release conditions.  The habeas statute does not empower courts to manage ICE supervision programs.  *See* 28 U.S.C. § 2241(c)(3).

3:25-cv-2871-CAB-BJW

Petitioner's response addressing mootness cites *Rodriguez Diaz v. Garland* for the proposition that Petitioner's release with new restrictions does not moot his habeas petition. [Doc. No. 19 at 8.]  In *Rodriguez Diaz*, the petitioner was released pursuant to an order from the district court, so the Department of Homeland Security's ("DHS") appeal of that order was not mooted by the petitioner's release.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195 (9th Cir. 2022).  Here, however, DHS released Petitioner on bond at DHS's discretion, and Petitioner was not released pursuant to an order from this Court.  Therefore, because Petitioner left DHS custody on bond before this Court had an opportunity to rule on the Petition, *Rodriguez Diaz* does not apply.

Petitioner's reply also cites *Moran v. U.S. Department of Homeland Security*, No. ED 20-CV-00696-DOC-JDE, 2020 WL 6083445, at *1 (C.D. Cal. Aug. 21, 2020).  [Doc. No. 19 at 8.]  In *Moran*, the petitioners sought habeas, injunctive, and declaratory relief from DHS's alleged failure to protect detainees amid the COVID-19 pandemic.  *Id.* at *1 (C.D. Cal. Aug. 21, 2020).  The *Moran* court found that the same conditions of detention would continue to exist if petitioners were re-detained, thus keeping the controversy live. [*Id.* at 7.]  Here, however, DHS will continue to control Petitioner's conditions of supervision because the authority to impose certain conditions of supervision belongs to DHS, not the district court.  *See* 8 U.S.C. § 1226 (authorizing the Attorney General to set conditions for release on bond).

In *Munoz v. Smith*, the Ninth Circuit denied a habeas petition where the petitioner argued that his conditions—including sex offender registration, fees, and ankle monitoring—amounted to custody.  17 F.4th 1237 (9th Cir. 2021).  The Ninth Circuit held that to meet the "in custody" requirement, conditions must impose significant restraints on physical liberty beyond those shared by the public generally.  *Munoz*, 17 F.4th at 1246.  To meet the custodial threshold, conditions must "severely and immediately restrain" physical liberty.  *Id.* at 1239.

Although Petitioner has new restrictive conditions imposed on him, he is not in custody.  His conditions compare more closely to those in *Munoz* than that of someone

3:25-cv-2871-CAB-BJW

confined to home detention.  Therefore, the Court **DENIES** the Petition as **MOOT** because Petitioner is out of detention.

Moreover, if Petitioner wishes to appeal his conditions of release, the appropriate avenue is an appeal to the Board of Immigration Appeals ("BIA").  *See Prieto–Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("The alien may appeal the [Immigration Judge]'s bond decision to the BIA, *see* 8 C.F.R. § 236.1(d)(3), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e).")

**IV.    CONCLUSION**

The Court **ORDERS** that:

1.  Petitioner's motion for TRO is **DENIED AS MOOT**.

2.  The Petition is **DENIED AS MOOT**.

3.  The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated:  January 27, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:25-cv-2871-CAB-BJW